**SO ORDERED.**

**SIGNED this 24th day of February, 2014.**



_Dale L. Somers_
Dale L. Somers
United States Bankruptcy Judge

_____

For on-line use but not print publication
**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS**

**In re:**

**DAVID ROBERT ELAND and**            **CASE NO. 12-22394**
**ALLENE DONNIS ELAND,**                 **CHAPTER 13**

           **DEBTORS.**

**MEMORANDUM OPINION AND JUDGMENT
GRANTING IN PART THE POST-CONFIRMATION APPLICATION OF
DEBTORS' COUNSEL FOR ATTORNEY FEES**

The matter before the Court is the application of Debtors' counsel, William P. Turner, for approval of attorney fees of $2,980, in addition to $1,000 Debtors paid him prepetition and $3,000 they paid through their confirmed Chapter 13 plan, and expenses of $66.03.[1] The Chapter 13 Trustee, W.H. Griffin, objects in part to the request for

_____

[1] Doc. 53.

additional fees.[2] The Court has jurisdiction.[3] Having considered the pleadings and the arguments of counsel, the Court grants the application in part.

Debtors' Chapter 13 bankruptcy petition was filed on August 30, 2012. Debtors' Schedules listed Quicken Loans as the holder of their home mortgage loan. The Disclosure of Compensation of Attorney for Debtor(s) required by 11 U.S.C. § 329(a)[4] and Bankruptcy Rule 2016(b) (the Initial Disclosure)[5] was filed the same day. In it, Debtors' counsel states, "For legal services, I have agreed to accept $4,000.00. Prior to the filing of this statement I have received $1,000.00," and "Balance Due $3,000.00." It further states,

> 5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
>     a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
>     b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
>     c. Representation of the debtor at the meeting of

---

[2] Doc. 55.

[3] This Court has jurisdiction pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and (b) and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's bankruptcy judges all cases under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. An application for allowance of attorney fees is a core proceeding which this Court may hear and determine as provided in 28 U.S.C. § 157(b)(2)(A). There is no objection to venue or jurisdiction over the parties.

[4] Future references to title 11 in the text shall be to the section number only.

[5] Fed. R. Bankr. P. 2016(b). Future references to the bankruptcy rules in the text shall be to "Rule" and the rule number only.

creditors and confirmation hearing; and any adjourned hearings thereof;
> d. [Other provisions as needed]
> Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 U.S.C. 522(f)(2)(A) for avoidance of liens on household goods.
6. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
> Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.[6]

By signing the Initial Disclosure, Debtors' counsel stated, "I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding."

Debtors' proposed Chapter 13 plan was filed with the petition. It provided for payment of the $3,000 balance due for attorney fees through the plan and stated, "Counsel for Debtor reserves the right to submit additional fee applications, but payment is subject to Court approval. Debtor consents to such increases in Plan payments as may be necessary to pay any approved additional fees."[7] Objections to the proposed plan were filed by the Chapter 13 Trustee,[8] who contended that Debtors should propose a 100%

---

[6] Doc. 1, 42.

[7] Doc. 3, 2.

[8] Doc. 13, filed September 27, 2012.

repayment plan, and Bank of America,[9] who contended that its claim was improperly omitted, apparently because it claimed to be the holder of the home mortgage note. Bank of America's objection was resolved by an agreed order filed on November 27, 2012.[10] A proposed amendment to Debtors' plan addressing the Chapter 13 Trustee's objection was filed on March 12, 2013,[11] and the plan as amended was confirmed on April 2, 2013.[12]

On October 3, 2013, Debtors' counsel filed his application for post-confirmation attorney fees. It alleges that counsel has spent a total of 34.9 hours representing Debtors and that he should be compensated at the rate of $200.00 an hour, which would result in a fee of $6,980.00. A detailed listing of the time spent is included. It shows 20.5 hours spent before filing Debtors' petition, 12.4 hours from the date of filing to the date of plan confirmation, and 2.0 hours after confirmation.

The Chapter 13 Trustee objects to the request for fees, but does not challenge the requested expenses. He contends that the Initial Disclosure limits counsel's compensation to $4,000 for work up to and including confirmation, with the exception of the types of work excluded from the flat fee stated in the Initial Disclosure. Using this standard, the Trustee contends that the only additional compensation which should be allowed is for 3.5 hours spent on the objection of Bank of America to Debtors' proposed

---

[9] Doc. 14, filed October 9, 2012.

[10] Doc. 20.

[11] Doc. 36.

[12] Doc. 44.

4

plan, and for 2 hours of post-confirmation work.

Debtors' counsel responded to the objection by filing his Disclosure of Compensation of Attorney for Debtor(s) - Amended (the Amended Disclosure).[13] It states, "For legal services, I have agreed to accept $6,980.00. Prior to the filing of this statement I have received $4,000.00," and "Balance Due $2,980.00." Paragraphs 5(a) through (5)(c), pre-printed on the form, are identical to the Initial Disclosure, but paragraph 5(d), Other provisions as needed, states, "Negotiations with secured creditors to reduce to market value; exemption planning. Note all fees are earned on hourly basis of $200 an hour for Mr. Turner's time, per the attached fee agreement." Paragraph 6 is identical to that in the Initial Disclosure. Attached to the Amended Disclosure is a fee agreement between Mr. Turner and Debtors for representation in a Chapter 13 case, dated April 27, 2012. The fee agreement is ambiguous as to whether the fee is to be a straight hourly rate, or a flat fee for the general bankruptcy representation, with additional services to be provided at the hourly rate.[14]

The Court finds that Mr. Turner's compensation must be determined using the terms stated in the Initial Disclosure, without consideration of the Amended Disclosure

---

[13] Doc. 56.

[14] Paragraph 1, labeled "Attorneys Fees," states in part, "The Firm's standard fee for a Chapter 13 bankruptcy petition is $3,000. The Firm will be charging an additional $500 due to the Debtors being above median income and the Wife being self-employed. These fees will be charged off at the rate of $200 an hour for Mr. Turner's time, which includes the time spent in the initial consultation." In Paragraph 2, labeled "Proceedings Not Included," the fee agreement describes matters subject to an "additional fee" at the rate of $200 per hour as if the first paragraph is describing services for a flat fee. The Initial Disclosure describes a flat-fee agreement for general bankruptcy representation, with compensation at $200 per hour for additional services.

5

and the attached fee agreement. Rule 2016(b) provides for the filing of an initial disclosure within 14 days of the order for relief and of a supplemental disclosure "within 14 days after any payment or agreement not previously disclosed." The latter requirement imposes a continuing duty to disclose.[15] Here, there was no change in the agreement between Debtors and their counsel to be reflected in a supplemental disclosure. Rather, the Amended Disclosure represents an amended interpretation of the fee arrangement which had been disclosed in the Initial Disclosure as an agreement for a flat fee for general representation and an hourly rate for additional services.

Finding that the Initial Disclosure controls is consistent with the purpose and importance of complete and accurate disclosures. "The disclosure requirements of § 329 are 'mandatory, not permissive.'"[16] "They enable the Bankruptcy Court to carry out its traditional role of scrutinizing carefully the compensation paid to the debtor's attorney."[17] The Court, the Chapter 13 Trustee, and creditors must rely upon the completeness and accuracy of the disclosures, since they are the only information provided about the compensation of the debtor's counsel. "The disclosure rules are applied literally, even if the results are sometimes harsh."[18] "A fee applicant must disclose 'the precise nature of

---

[15] 9 *Collier on Bankruptcy*, ¶ 2016.17 at 2016-21 (Alan N. Resnick & Henry J. Sommer, eds.-in-chief, 16th ed. 2013).

[16] *In re Smitty's Truck Stop, Inc.*, 210 B.R. 844, 848 (10th Cir. BAP 1997) (*quoting Turner v. Davis, Gillenwater & Lynch (In re Investment Bankers, Inc.)*, 4 F.3d 1556, 1565 (10th Cir. 1993)).

[17] *Id.*

[18] *Neben & Starrett, Inc.v. Chartwell Financial Corp. (In re Park-Helena Corp.)*, 63 F.3d 877, 881 (9th Cir. 1995).

the fee arrangement.'"[19] When ruling on a Chapter 13 trustee's motion requesting the court to examine the fees of a debtor's attorney and to find the attorney in contempt for charging and receiving fees in addition to those disclosed on his Rule 2016 statement, a bankruptcy court summarized the importance of the disclosures as follows:

> Section 329(a) requires a debtor's attorney to "file with the court a statement of the compensation paid or agreed to be paid . . . and the source of such compensation." Bankruptcy Rule 2016(b) establishes when the statement is to be filed and includes a provision requiring such disclosure "after any payment or agreement not previously disclosed." Fee disclosure under § 329 and the Rules is mandatory, not permissive. Timely disclosure under § 329 and Bankruptcy Rule 2016(b) is central to the integrity of the bankruptcy process. Failure to disclose (in this case *fully* disclose) is sanctionable and can include partial or total denial of compensation, as well as partial or total disgorgement of fees already paid. The extent to which compensation should be denied rests with the Court's sound discretion. Many courts, perhaps the majority, punish defective disclosure by denying all compensation.[20]

In this case, the issue is what additional compensation should be allowed, not sanctions or fee disgorgement.[21] Nevertheless, the Court must apply the disclosure rules literally. The motion requires the Court to construe the Initial Disclosure and the report of the time devoted to the case to determine the extent to which the services provided are

---

[19] *Id.* (*quoting In re Glenn Elec. Sales Corp.*, 90 B.R. 596, 600 (D.N.J. 1998)).

[20] *In re Gage*, 394 B.R. 184, 191 (Bankr. N.D. Ill. 2008) (citations omitted).

[21] Given the ambiguity in the fee agreement, the Court finds that the Initial Disclosure may have been inaccurate. But, if the Initial Disclosure was erroneous, the Court finds the error was inadvertent and not made with the intent to mislead the Trustee or the Court.

7

covered by the flat fee of $4,000, and which services are within paragraph 6 of the disclosures and therefore not included in the flat fee. The Court agrees with the Chapter 13 Trustee that compensation for the 2 hours spent post-confirmation is outside the flat-fee agreement. The Court also agrees with the Trustee that additional compensation for 3.5 hours of services related to Bank of America's objection to Debtors' proposed plan should be allowed in addition to the flat fee. The objection was because Bank of America claimed ownership of a note, secured by a mortgage on Debtors' homestead, which had been executed in favor Quicken Loans and was included in Debtors' Schedules as still held by Quicken Loans. The objection was unexpected and apparently contrary to Debtors' records. A review of counsel's time entries shows 3.5 hours of time was spent on this matter between October 19, 2012, when Bank of America filed its objection, and November 27, 2012, when the agreed order resolving the objection was filed.

    The Court will therefore allow additional compensation for Debtors' counsel for 5.5 hours of services at $200 per hour, but deny the balance of his request. The Court finds the compensation to be reasonable and appropriate under the criteria stated in § 330 and the lodestar approach applicable in the Tenth Circuit.[22] There is no objection to the request for reimbursement of $66.03 in expenses, and the Court will allow such payment.

    The foregoing constitutes Findings of Fact and Conclusions of Law under Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure, which make Rule 52(a)

---

[22] *See In re Market Center East Retail Property, Inc.*, 730 F.3d 1239, 1245-49 (10th Cir. 2013).

of the Federal Rules of Civil Procedure applicable to this matter.

**JUDGMENT**.

Judgment is hereby entered allowing Debtors' counsel, William P. Turner, additional attorney fees of $1,100 and expenses of $66.03, and denying the balance of the fees sought in his application. The judgment based on this ruling will become effective when it is entered on the docket for this case, as provided by Federal Rule of Bankruptcy Procedure 9021.

**IT IS SO ORDERED.**

# # #